IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

MAY 2 6 2017

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF | Case No. 1:17-SW-278 |
| THE PREMISES LOCATED AT 4616 Willow Run Dr., Annadale, Virginia 22003 ("Willow Lane" or "Manlapaz Residence") | **Filed Under Seal** |

## GOVERNMENT'S MOTION TO SEAL SEARCH WARRANT PURSUANT TO LOCAL RULE 49(B)

Upon the return of its executed search warrant,[1] the United States, by and through

undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United

States District Court for the Eastern District of Virginia, now asks for an Order to Seal the search

warrant, application for the search warrant and the affidavit in support of the search warrant,

together with this Motion to Seal and proposed Order, until the United States makes a motion to

unseal the search warrant and affidavit.

1.    REASONS FOR SEALING (See Local Rule 49(B)(1))

1.    At the present time, law enforcement officers with the Internal Revenue Service

Criminal Investigation ("IRS-CI") are investigating potential violations of Title 18, U.S. Code,

Sections 1343 (wire fraud), 1956 (money laundering), 1957 (money laundering), 371

(conspiracy), and 1349 (conspiracy) by Jose Benjamin Manlapaz ("Manlapaz") and others

---

[1]    Pursuant to Local Rule 49(B), "[n]o separate motion to seal is necessary to seal a search warrant *from the time of issuance to the time the executed warrant is returned.*" (Emphasis added.) This is because, as Rule 49(B) additionally mandates, "[u]ntil an executed search warrant is returned, search warrants and related papers are not filed with the Clerk."

1

known and unknown to the investigation.    Specifically, the investigation has revealed that Manlapaz and others, by and through a Virginia company known as JBM Financial Services/Group, were involved in a scheme to prepare and submit false and fraudulent state and federal income tax returns.    As part of the scheme, Manlapaz would help clients obtain Individual Tax Identification Numbers ("ITINs") for clients, so that fraudulent dependents could be added to the client returns.    Manlapaz, and others would also prepare false and fraudulent responses to IRS audits and requests for information, including fraudulent receipts and Forms 1098-T.   The investigation involves ongoing efforts to identify all conspirators, determine the full scope of the conspiracy, and identify fraudulent returns, particularly those prepared between 2013 and the present.    Premature disclosure of the specific details of this ongoing investigation (as reflected, for example, in the affidavit in support of search warrant) would jeopardize this continuing criminal investigation, including the ability of the United States to locate and arrest additional persons, and may lead to the destruction of additional evidence in other locations.    At present, not all of the targets are not believed to be aware of the criminal investigation.    Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

2.        The United States has considered alternatives less drastic than sealing, including, for example, the possibility of redactions, and has determined that none would suffice to protect this investigation.

II.      THE GOVERNING LAW (See Local Rule 49(B)(2))

3.  It is generally recognized that the public has a common law right of access, but not a First Amendment right of access, to judicial documents, including documents associated with *ex parte* proceedings such as search warrant affidavits. Media General Operations, Inc. v. Buchanan, 417

F.3d 424, 429 (4th Cir. 2005); In re Washington Post Company v. Hughes, 923 F.2d 324, 326

(4th Cir. 1991). "But the right of access is qualified, and a judicial officer may deny access to

search warrant documents if sealing is 'essential to preserve higher values' and 'narrowly tailored

to serve that interest.'" Media General Operations, 417 F.3d at 429 (citations omitted); see also In

re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984) ("[t]he trial court has supervisory power

over its own records and may, in its discretion, seal documents if the public's right of access is

outweighed by competing interests"). Sealing search warrants and their accompanying affidavits

and application is within the discretionary powers of a judicial officer where, among other

things, an "'affidavit contain[s] sensitive details of an ongoing investigation' and it is 'clear and

apparent from the affidavits that any disclosure of the information there would hamper' th[e]

ongoing investigation." Media General Operations 417 F.3d at 430 (citations omitted); see also

In re Search Warrant for Matter of Eye Care Physicians of America, 100 F.3d 514, 518 (7th Cir.

1996).

    4.   Before a district court generally may seal judicial records or documents, it must (a)

provide public notice of the request to seal and allow interested parties a reasonable opportunity

to object, (b) consider less drastic alternatives to sealing the documents, and (c) provide specific

reasons and factual findings supporting its decision to seal the documents and for rejecting the

alternatives. Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

    5.   However, regarding the notice requirement in the specific context of a search warrant, the

Fourth Circuit has cautioned that "the opportunity to object" cannot "arise prior to the entry of a

sealing order when a search warrant has not been executed." Media General Operations, 417 F.3d

at 429. "A rule to the contrary would endanger the lives of officers and agents and allow the

subjects of the investigation to destroy or remove evidence before the execution of the search warrant." Id.; see also Franks v. Delaware, 438 U.S. 154, 169 (1978). Accordingly, in the context of search warrants, "the notice requirement is fulfilled by docketing 'the order sealing the documents,' which gives interested parties the opportunity to object after the execution of the search warrants." Media General Operations, 417 F.3d at 430 (quoting Baltimore Sun Co. v. Goetz, 886 F.2d 60, 65 (4th Cir. 1989)); see also Local Rule 49(B) ("Until an executed search warrant is returned, search warrants and related papers are not filed with the Clerk.").

6. As to the requirement of a court's consideration of alternatives, the Fourth Circuit counsels that, "[i]f a judicial officer determines that full public access is not appropriate, she 'must consider alternatives to sealing the documents,' which may include giving the public access to some of the documents or releasing a redacted version of the documents that are the subject to the government's motion to seal." Media General Operations, 417 F.3d at 429 (quoting Goetz, 886 F.2d at 66).

7. Finally, regarding the requirement of specific findings, the Fourth Circuit's precedents state that, "'in entering a sealing order, a 'judicial officer may explicitly adopt the facts that the government presents to justify sealing when the evidence appears creditable,'" Media General Operations, 417 F.3d at 429 (quoting Goetz, 886 F.2d at 65), so long as the ultimate "decision to seal the papers " is "made by the judicial officer," Goetz, 886 F.2d at 65.   "Moreover, if appropriate, the government's submission and the [judicial] officer's reason for sealing the documents can be filed under seal." Goetz, 886 F.2d at 65; see also In re Washington Post Co., 807 F.2d 383, 391 (4th Cir. 1986) ("if the court concludes that a denial of public access is warranted, the court may file its statement of the reasons for its decision under seal").

III.    PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN
        UNDER SEAL (See Local Rule 49(B)(3))

8.   Pursuant to Local Rule 49(B)(3), the search warrant and the affidavit will remain sealed

until the need to maintain the confidentiality of the search warrant application and the related

investigation expires, after which time the United States will move to unseal the search warrant

and affidavit.

WHEREFORE, the United States respectfully requests that the search warrant,

application for search warrant, affidavit in support of the search warrant, and this Motion to Seal

and proposed Order be sealed until further Order of the Court.

Respectfully submitted,

Dana J. Boente
United States Attorney

By:    Katherine L. Wong
       Assistant United States Attorney

5